IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| MILTON WAYNE NETTLES | § | |
|     TDCJ-CID #1349177 | § | |
| v. | § | C.A. NO. C-08-384 |
| | § | |
| LUIS ARANDA, ET AL. | § | |

## ORDER DISMISSING CERTAIN CLAIMS AND RETAINING ACTION

This case was filed as a civil rights action by a state prisoner pursuant to 42 U.S.C. § 1983.

Pursuant to the Prison Litigation Reform Act, Pub. L. No. 104-134, 10 Stat. 1321 (1996), any prisoner action brought under federal law must be dismissed if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. See 42 U.S.C. § 1997e(c); 28 U.S.C. §§ 1915(e)(2), 1915A. Plaintiff's action is subject to screening regardless whether he prepays the entire filing fee, or proceeds as a pauper. Ruiz v. United States, 160 F.3d 273, 274 (5th Cir. 1998) (per curiam); Martin v. Scott, 156 F.3d 578, 580 (5th Cir. 1998) (per curiam). Plaintiff's *pro se* complaint must be read indulgently, see Haines v. Kerner, 404 U.S. 519, 520 (1972) (per curiam), and his allegations must be accepted as true, unless they are clearly irrational or wholly incredible. Denton v. Hernandez, 504 U.S. 25, 32-33 (1992).

Applying these standards, plaintiff's Eighth Amendment claims alleging excessive force against Officer Aranda are retained. Plaintiff's remaining claims against the remaining defendants are dismissed as frivolous and for failure to state a constitutional violation. See 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b)(1).

## I.  JURISDICTION

The Court has federal question jurisdiction over this civil rights action pursuant to 28 U.S.C. § 1331.  Upon consent of the plaintiff, (D.E. 9), this case was referred to a magistrate judge to conduct all further proceedings, including entry of final judgment.  (D.E. 10); see also 28 U.S.C. § 636(c).

## II.  BACKGROUND FACTS AND PLAINTIFF'S ALLEGATIONS

Plaintiff is an inmate in the Texas Department of Criminal Justice, Correctional Institutions Division ("TDCJ-CID"), and is presently incarcerated at the Estes Unit in Venus, Texas, although his complaint concerns events that occurred while he was confined at the Garza East Unit in Beeville, Texas.  He filed this lawsuit on December 4, 2008, alleging, *inter alia*, excessive force, failure to protect, denial of access to the courts, and state law tort and negligence claims.  (D.E. 1).  Plaintiff named the following six individuals as defendants: (1) Officer Luis Aranda; (2) Sergeant Michelle Fuentes; (3) Officer Maria D. Chapa; (4) Officer Stephen A. Quirez; (5) Officer Noella D. Sanchez; and (6) Officer Jason Smith.

A Spears[1] hearing was held on December 17, 2008.  The following allegations were made in plaintiff's original complaint, or at the hearing.

On a day prior to May 7, 2007, plaintiff went to the commissary to purchase stamps and other items.  The commissary was out of stamps, and Officer Chapa advised plaintiff to return the following week to purchase the stamps.

---

[1] Spears v. McCotter, 766 F.2d 179 (5th Cir. 1985); see also Eason v. Holt, 73 F.3d 600, 603 (5th Cir. 1996) (stating that testimony given at a Spears hearing is incorporated into the pleadings).

On May 7, 2007, plaintiff returned to the commissary to purchase stamps.[2] Officer Chapa was working at one window, and Officer Aranda at the other. Plaintiff approached Officer Aranda's window, asked to purchase stamps, and presented his identification card. Officer Aranda threw plaintiff's identification card back at him. The card hit plaintiff in the chest, causing a one-inch cut, that was 1/8 of an inch deep, that began to bleed. Officer Aranda swore at plaintiff and told him to leave. Officer Chapa did not intervene in this interaction, nor did she tell Officer Aranda that she had told plaintiff the week before to return this week to purchase stamps. Plaintiff returned to his living area where he put ointment on the cut and a band-aid.

Later that afternoon, plaintiff returned to the commissary to try to purchase stamps. Officer Sanchez was working at one window, and Officer Aranda at the other. He approached Officer Sanchez and asked for stamps. Officer Sanchez took his identification and consulted with Officer Aranda. She returned to plaintiff and told him that he could not get stamps at that time because he had already been to the commissary that day.

Plaintiff filed a grievance against Officer Aranda complaining about the May 7, 2007 incident. On May 10, 2007, Sergeant Fuentes called plaintiff to her office regarding the grievance. She was hostile in her manner toward plaintiff, telling him that he did not need to be filing complaints against her employees. However, she took two pictures of the cut on plaintiff's chest, and instructed him to go for medical care. At the infirmary, plaintiff received antibiotic ointment and another band-aid. After he returned to Sergeant Fuentes' office, he was placed in a holding cage for approximately one hour before being released to return to his dorm. Sergeant

---

[2] Plaintiff testified that inmates are permitted to go to the commissary once a week.

Fuentes forwarded plaintiff's complaint to the Office of the Inspector General ("OIG") for review. Plaintiff never heard back from the OIG.

When Sergeant Fuentes was finished with plaintiff, dinner time was over and meals were no longer being served. Officer Quirez released plaintiff from the holding cell and instructed him to return to his living area. Plaintiff asked Officer Quirez if he could get some food. Officer Quirez responded that he "didn't deserve" dinner, and he swore at plaintiff. Plaintiff went to bed hungry. He had breakfast the next morning.

At the end of 2007, or the beginning of 2008, plaintiff was transferred to the Beto Unit. On an unidentified date, plaintiff approached Jason Smith, an OIG investigator, and told him about the May 7, 2007 incident with Officer Aranda at the Garza Unit. Plaintiff showed him the scar from the identification card having been thrown at him. Investigator Smith responded that no identification card could cause such a cut and resulting scar, and he told plaintiff that he would not open an investigation.

Plaintiff claims that Officer Aranda used excessive force against him when he threw the identification card, striking him in the chest and causing a cut. He claims that Officer Chapa failed to protect him because she failed to tell Officer Aranda that she had instructed plaintiff to return to the commissary to purchase stamps. He claims that Sergeant Fuentes denied him access to the courts because she did not want him to file a complaint. He claims that Officer Quirez and Sergeant Fuentes inflicted cruel and unusual punishment when they caused him to miss dinner on May 10, 2007. He claims that Officer Sanchez violated his Eighth Amendment rights because she failed to give him stamps when he returned. Finally, he claims that Investigator Smith violated his rights by failing to investigate his claim.

Plaintiff is seeking compensatory damages for his injury, plus mental pain and suffering.

### III.  DISCUSSION

**A.  Legal Standard For A Civil Rights Action Pursuant To 42 U.S.C. § 1983.**

Regardless of whether a plaintiff has properly exhausted his administrative remedies, his action may be dismissed for failure to state a claim upon which relief can be granted.  42 U.S.C. § 1997e(c)(2).  "To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law."  West v. Atkins, 487 U.S. 42, 48 (1988); see also Biliski v. Harborth, 55 F.3d 160, 162 (5th Cir. 1995).  An action may be dismissed for failure to state a claim when it is clear that the prisoner can prove no set of facts in support of his claim entitling him to relief.  Oliver v. Scott, 276 F.3d 736, 740 (5th Cir. 2002) (citation omitted).  The complaint must be liberally construed in favor of the prisoner and the truth of all pleaded facts must be assumed.  Id. (citation omitted).

**B.  Plaintiff's Excessive Force Claim Against Officer Aranda Is Retained.**

Plaintiff claims that Officer Aranda used excessive force when he threw plaintiff's identification card at him, striking him in the chest, and causing a 1-inch cut.

To state a claim for excessive force, plaintiff must show that the force was not applied in a good-faith effort to maintain or restore discipline, but was applied maliciously and sadistically to cause harm, and that the injury he suffered was more than *de minimis,* but not necessarily significant.  See Hudson v. McMillian, 503 U.S. 1, 6-7, 10, (1992) (stating that a claimant must show officials applied force maliciously and sadistically for the very purpose of causing harm); Gomez v. Chandler, 163 F.3d 921, 923-24 (5th Cir. 1999); Siglar v. Hightower, 112 F.3d 191,

193 (5th Cir. 1997). There are five factors to consider: "1. the extent of the injury suffered; 2. the need for application of force; 3. the relationship between that need and the amount of force used; 4. the threat reasonably perceived by the responsible officials; and 5. any efforts made to temper the severity of a forceful response." Gomez, 163 F.3d at 923.

Here, plaintiff claims that Officer Aranda threw the identification card with enough force that it cut plaintiff's skin. There is no indication that any force was needed in this situation: plaintiff was simply attempting to purchase stamps at the commissary. He posed no physical threat to Officer Aranda. Taking plaintiff's allegations as true, he has stated a claim of excessive force against Officer Aranda for purposes of § 1915A screening.

**C.     Plaintiff's Failure To Protect Claim Against Officer Chapa Is Dismissed.**

Plaintiff claims that Officer Chapa failed to protect him from Officer Aranda's throwing of the identification card. He argues that, had she remembered what she had told him about returning to purchase stamps and communicated this information to Officer Aranda, Officer Aranda would not have gotten so angry.

Prison officials have a duty to protect prisoners from violence at the hand of prison employees, as well as other prisoners. Cantu v. Jones, 293 F.3d 839, 844 (5th Cir. 2002) (citing Farmer v. Brennan, 511 U.S. 825, 832 (1994)). A prison official is deliberately indifferent to the inmate's safety if the official knows that the inmate faces a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it. Cantu, 293 F.3d at 844 (citing Farmer, 511 U.S. at 847). Deliberate indifference describes a state of mind "more blameworthy than negligence;" there must be "more than ordinary lack of due care for the prisoner's interests or safety." Farmer, 511 U.S. at 835.

Here, plaintiff fails to establish that Officer Chapa had any knowledge that Officer Aranda might react to his inquiry for stamps in a hostile manner, and then ignored that risk. Indeed, plaintiff had no idea that Officer Aranda would react in the manner he did, and so there is no reason why Officer Chapa should have anticipated Officer Aranda's action. He does not suggest that he had a documented history of animosity between himself and Officer Aranda, or any other fact that would have put Officer Chapa on notice. Thus, he fails to establish that Officer Chapa was aware of a risk to his health and safety and ignored that risk. This claim is dismissed as frivolous.

**D.     Plaintiff's Other Eighth Amendment Claims Are Dismissed As Frivolous.**

Plaintiff claims that Sergeant Fuentes and Officer Quirez violated his right to be free from cruel and unusual punishment when they detained him past dinner time and then failed to get him a meal after the dining hall had closed.

The Eighth Amendment prohibits cruel and unusual punishment. U.S. Const. amend. VIII. Prison officials must provide humane conditions of confinement; ensure that inmates receive adequate food, clothing, shelter, and medical care; and take reasonable measures to guarantee the safety of the inmates. Farmer, 511 U.S. at 832. Conditions that result in "unquestioned and serious deprivations of basic human needs" or "deprive inmates of the minimal civilized measure of life's necessities" violate the eighth amendment. Rhodes v. Chapman, 452 U.S. 337, 347 (1981); see also Hudson, 503 U.S. at 8-10.

The denial of one meal does not rise to the level of severity necessary to state a constitutional violation. See Palmer v. Johnson, 193 F.3d 346, 352 (5th Cir. 1999) (prisoner's allegation of missing one meal does not rise to the level of a cognizable constitutional injury);

7

Berry v. Brady, 192 F.3d 504, 507-08 (5th Cir. 1999) (affirming of dismissal of inmate's claim that he was denied admittance to the dining hall for an evening meal on eight occasions over a seven-month period); Talib v. Gilley, 138 F.3d 211, 214 n.3 (5th Cir. 1998) (missing one out of nine meals is not a constitutional violation). Thus, plaintiff's allegations concerning the denial of a meal fail to state a claim and are frivolous.

Plaintiff also maintains that Officer Sanchez denied his Eighth Amendment rights because on March 7, 2007, when he returned to the commissary after the incident with Officer Aranda to again try to purchase stamps, she refused to sell him the stamps because it was his second visit that day to the commissary.

To establish an Eighth Amendment violation, plaintiff must show "an objective component of conditions so serious as to deprive him of the minimal measure of life's necessities, as when denied some basic human need." Berry, 192 F.3d at 507 (citation omitted). To determine whether the deprivation falls below a constitutional threshold depends on the amount and duration of the deprivation. Id. (citation omitted). The denial of stamps on one occasion is not objectively serious and fails to implicate the Eighth Amendment. This claim is without merit and thus is dismissed.

**E.     Plaintiff's Denial Of Access To The Courts Claim Is Dismissed.**

Plaintiff complains that Sergeant Fuentes did not want him to file a grievance against Officer Aranda, and that Investigator Smith refused to look into his OIG complaint, or open an investigation. To the extent plaintiff contends these actions violated his right to petition the courts, his claims are without merit.

Prisoners have a constitutionally protected right of access to the courts.  See Lewis v. Casey, 518 U.S. 343, 360 (1996) (citing Bounds v. Smith, 430 U.S. 817 (1977)).  Prison officials must furnish indigent inmates with pen and paper to draft legal documents, stamps to mail them, and adequate opportunity to conduct legal research through access to adequate law libraries or access to "persons trained in the law" or other persons who can provide legal assistance.  Bounds, 430 U.S. at 824-28.  However, they have considerable discretion in providing legal resources to prisoners.  Lewis, 518 U.S. at 356.  Restrictions on direct access to legal materials may be warranted when prison security is involved.  See Eason v. Thaler, 73 F.3d 1322, 1328 (5th Cir. 1996) (per curiam) (citation omitted).  To prevail on a denial of access to the courts claim under § 1983, a plaintiff must show that he suffered an "actual injury."  Chriceol v. Phillips, 169 F.3d 313, 317 (5th Cir. 1999) (citing Lewis, 518 U.S. at 351-54).

In this case, plaintiff claims that Sergeant Fuentes denied him access to the courts because she was abusive to him for filing a grievance about the May 7, 2007 incident, she told him "to hurry," and she stated that he "didn't need to be filing complaints against her workers."  However, plaintiff admits that his OIG complaint was filed; he just never received a response.  In addition, he filed a criminal complaint with Bee County, but that complaint was not investigated.  When his wife called Bee County to check on the criminal case, "no one would answer the phone."

Plaintiff's allegations fail to state a claim of denial of access to the courts against Sergeant Fuentes.  At best, Sergeant Fuentes merely expressed her disapproval of plaintiff pursuing a claim against Officer Aranda for throwing the identification card, but she did not prevent him from doing so.  Indeed, plaintiff testified that Sergeant Fuentes took photographs of

9

the cut on his chest to send with his complaint to the OIG. Plaintiff's dissatisfaction with the outcome of the TDCJ-CID's administrative investigation will not support a civil rights claim because there is no constitutional guarantee that an inmate's grievances will be resolved in an inmate's favor. Geiger v. Flowers, 404 F.3d 371, 374 (5th Cir. 2005) (per curiam).

To the extent plaintiff wanted to file a criminal complaint with Bee County, he testified that he "wrote but never heard back." He does not suggest that Sergeant Fuentes prevented him from contacting Bee County, and the County's decision to not respond or to pursue charges cannot be attributed to any act by Sergeant Fuentes. Plaintiff's allegations against this defendant are frivolous and fail to state a claim.

Similarly, plaintiff fails to state a claim against Investigator Smith because he has no constitutional right to have his grievances investigated. Geiger, 404 F.3d at 373-74.

### F.     Plaintiff's State Law Claims Against Officer Aranda Are Retained.

Plaintiff has also alleged state law claims of "physical and emotional abuse" and negligence. To the extent these claims are against the dismissed defendants, the Court declines to exercise supplemental jurisdiction, and those claims are dismissed. See 28 U.S.C. § 1367(c)(3); Priester v. Lowndes County, 354 F.3d 414, 425 (5th Cir. 2004). The Court retains plaintiff's tort and negligence claim against Officer Aranda. See Mendoza v. Murphy, 532 F.3d 342, 346 (5th Cir. 2008).

### IV.  CONCLUSION

For the reasons stated herein, it is hereby ORDERED that:

(1)     Plaintiff's excessive force, tort, and negligence claims against Officer Aranda are retained, and service will be ordered on this defendant;

(2)     Plaintiff's failure to protect claim against Officer Chapa is dismissed with prejudice for failure to state a claim and as frivolous;

(3)     Plaintiff's Eighth Amendment claims against Officer Quirez and Officer Sanchez are dismissed with prejudice as frivolous and for failure to state a claim;

(4)     Plaintiff's claims against Sergeant Fuentes for denial of access to the courts and against Investigator Smith for failure to investigate are dismissed with prejudice for failure to state a claim; and

(5)     Plaintiff's state law claims against Sergeant Fuentes, Officer Chapa, Officer Quirez, Officer Sanchez, and Investigator Smith are dismissed without prejudice.

ORDERED this 23rd day of January 2009.

_____
BRIAN L. OWSLEY
UNITED STATES MAGISTRATE JUDGE

11